UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORRAINE A. HACKMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PACTIV CORPORATION, )<br>)<br>Defendant. )<br>) | Case No. 08 C 2094<br><br>Judge Shadur<br>Magistrate Judge Denlow |

## ANSWER AND DEFENSES/AFFIRMATIVE DEFENSES TO COMPLAINT

Pactiv Corporation ("Pactiv" or "Defendant") pursuant to Federal Rules of Civil Procedure 8(b) and 12(a), answers Plaintiff Lorraine A. Hackman's ("Hackman" or "Plaintiff") Complaint as follows:

### COMPLAINT ¶ NO. 1:

Plaintiff, LORRAINE A. HACKMAN, ("HACKMAN"), a former employee of PACTIV CORPORATION, ("PAC"), seeks redress for sex discrimination and retaliation by the Defendant through its agents, in violation of her rights under the Civil Rights Act Title VII.

### ANSWER:

Pactiv admits that Plaintiff is a former employee of Pactiv and that this Complaint alleges sex discrimination and retaliation. Pactiv denies that it acted in violation of Title VII of the Civil Rights Act or that Plaintiff is entitled to any relief. Pactiv denies the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

### COMPLAINT ¶ NO. 2:

This is an action under Title VII of the Civil Rights Act of 1964 and as amended by <u>inter alia</u>, the Civil Rights Act of 1991, 42 U.S.C. 2000(e) *et seq.*, for the Defendant, PAC having subjected HACKMAN, to sex discrimination by failure to treat her the same as other non-female employees despite HACKMAN'S repeated complaints about same.

**ANSWER:**

Pactiv admits that Plaintiff purports to assert a claim of sex discrimination or retaliation under Title VII of the Civil Rights Act of 1964, but denies that it engaged in any wrongdoing, denies that it treated non-female employees in a non-similar manner, and denies that it acted in violation of this Act. Pactiv denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

**COMPLAINT ¶ NO. 3:**

Jurisdiction of this court is provided by 28 U.S.C. 1331 and 1343.

**ANSWER:**

Pactiv admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

## PARTIES

**COMPLAINT ¶ NO. 4:**

HACKMAN, [sic] is a female and an adult person and a resident of Cook County, State of Illinois.

**ANSWER:**

Pactiv admits that Plaintiff is a female and an adult person. Pactiv is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

**COMPLAINT ¶ NO. 5:**

HACKMAN was an employee of PAC from 1979 until January of 2004, in October of 2005, HACKMAN was hired by Prairie Packing. In June of 2007, Prairie Packing was acquired by PAC. On October 1, 2007, HACKMAN was terminated in May of 2006 [sic].

**ANSWER:**

Pactiv admits that it employed Plaintiff from 1979 until January or 2004. Pactiv admits that Prairie Packaging hired Plaintiff in October 2005. Pactiv admits that it acquired Prairie

Packaging in June 2007. Pactiv admits that it terminated Plaintiff's employment on October 1, 2007. Pactiv denies the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

**COMPLAINT ¶ NO. 6:**

PAC is an employer within the meaning of the Civil Rights Act and 42 U.S.C. 2000(e) *et seq.,* and has been at all times material to the allegations herein.

**ANSWER:**

Pactiv admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

**COMPLAINT ¶ NO. 7:**

HACKMAN filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed, under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. A. § 2000e-5(e).

**ANSWER:**

Pactiv is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

**COMPLAINT ¶ NO. 8:**

On or about January 13, 2008, HACKMAN received notice from the EEO of her right to bring this action (see Exhibit "A"), and HACKMAN timely filed this action.

**ANSWER:**

Pactiv is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

**COMPLAINT ¶ NO. 9:**

At all times relevant, HACKMAN was meeting the legitimate expectations of PAC.

**ANSWER:**

Pactiv denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

CH1 11474055.3

## AS AND FOR A SECOND CAUSE OF ACTION
## AGE DISCRIMINATION IN VIOLATION TO THE ADEA

**COMPLAINT ¶ NO. 10:**

Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

**ANSWER:**

As its answer to Paragraph 10, Pactiv incorporates its answers to Paragraphs 1 through 9.

### JURISDICTION AND VENUE

**COMPLAINT ¶ NO. 11:**

Plaintiff brings this action for benefits under the Age Discrimination in Employment Act of 1967 (hereinafter sometimes referred to as the ADEA), 29 U.S.C. §_621-634, [sic] under the specific provisions of the Age Discrimination in Employment Act, viz. 29 U.S.C. § 626(c).

**ANSWER:**

Pactiv admits that Plaintiff purports to assert a claim of age discrimination under the Age Discrimination in Employment Act, but denies that it engaged in any wrongdoing or acted in violation of the ADEA. Pactiv denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

**COMPLAINT ¶ NO. 12:**

Jurisdiction of this action is conferred upon the Court by Section 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626 (b) and Venue 28 U.S.C. § 1331

**ANSWER:**

Pactiv admits that the Court has jurisdiction over this matter pursuant to 29. U.S.C. § 626 and 28 U.S.C. § 1331. Pactiv denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

**COMPLAINT ¶ NO. 13:**

The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

**ANSWER:**

Pactiv denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

**COMPLAINT ¶ NO. 14:**

Plaintiff was born on December 2, 1959, and falls within the group protected by the ADEA.

**ANSWER:**

Pactiv admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

**COMPLAINT ¶ NO. 15:**

At all times material herein and hereinafter mentioned Defendant Corporation has engaged in and employed its employees in commerce and in the production of goods for commerce between points in several states.  The Defendant was, and is, and has been, at all times material herein, engaged in commerce within the meaning of the ADEA.

**ANSWER:**

Pactiv admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

**COMPLAINT ¶ NO. 16:**

Defendant Corporation is an employer within the meaning of the ADEA.

**ANSWER:**

Pactiv admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

**COMPLAINT ¶ NO. 17:**

On or about June of, 2007, and continuously thereafter, while meeting the minimum standards of his [sic] employer, the defendant willfully discriminated against plaintiff because of her age.  Plaintiff reached 47 years of age before October 1, 2007.

**ANSWER:**

Pactiv denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

**COMPLAINT ¶ NO. 18:**

As a result of Defendant's actions, the Plaintiff has been subject to being treated differently than younger employees, in that, she has been subjected to unfair treatment in the application of adverse employment actions while those younger have not been held to the same standards.

5

**ANSWER:**

Pactiv denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

**COMPLAINT ¶ NO. 19:**

The Defendant's conduct was at all times willful and wanton entitling the Plaintiff to liquidated damages.

**ANSWER:**

Pactiv denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
## (TITLE VII-RETALIATION)

**COMPLAINT ¶ NO. 20:**

Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

**ANSWER:**

As its answer to Paragraph 20, Pactiv incorporates its answers to Paragraphs 1 through 19.

**COMPLAINT ¶ NO. 21:**

PAC has intentionally retaliated against based [sic] upon a prior filing of a complaint with the Equal Employment Opportunity Commission (EEOC), wherein PAC's agents created a hostile and offensive work environment and terminating her employment in October 1, 2007, all in violation of Title VII of the Civil Rights Act of 1964, as amended by, inter alia the Civil Rights Act of 1991, 42 U.S.C. Section 2000-e [sic] et seq.

**ANSWER:**

Pactiv denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

**COMPLAINT ¶ NO. 22:**

By reason of the retaliation of PAC, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

**ANSWER:**

Pactiv denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

**COMPLAINT ¶ NO. 23:**

Further, said action on the part of the PAC was done with malice and reckless disregard for Plaintiff's protected rights.

**ANSWER:**

Pactiv denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LORRAINE A. HACKMAN, prays for judgment as follows:

1. Declare the conduct engaged in by PAC to be in violation of Plaintiff's rights;

2. For injunctive relief, including but not limited to relief required to make Plaintiff whole for the losses caused by the violations of PAC;

3. For compensatory damages in an amount according to proof;

4. For punitive damages based upon the wrongful conduct of PAC;

5. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A. § 12117(a),_[sic] which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A § 2000e-5(k); and

6. For further such other relief as the court deems proper.

**ANSWER:**

Pactiv denies that Plaintiff is entitled to any judgment in her favor.

## DEFENSES

1. Pactiv employed Plaintiff from 1979 until her termination in January 2004, for unsatisfactory performance and behavior inconsistent with Pactiv's policies or values. Plaintiff began her employment with Prairie Packaging in October 2005 (after providing Prairie Packaging with false information relating to the reason for her termination from Pactiv). In June 2007, Pactiv acquired Prairie Packaging. After learning of Plaintiff's employment with this

newly acquired entity, and based both upon her prior employment termination from Pactiv and the false information contained in her Prairie Packing application, Pactiv terminated Plaintiff's employment on October 1, 2007. The reasons for her 2007 termination are unrelated to her age, gender or any alleged complaint of discrimination or harassment.

## **AFFIRMATIVE DEFENSES**

1. To the extent Plaintiff failed to reasonably mitigate her damages, she is precluded from damages or her damages should be reduced.

2. Plaintiff's Complaint fails because she unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendant and/or because Defendant exercised reasonable care to prevent and correct promptly any alleged discrimination or retaliation complained of by Plaintiff.

3. To the extent that Plaintiff seeks to base claims on events occurring during her initial employment with Pactiv such claims are barred because she failed to fulfill the administrative and/or statutory prerequisites to filing suit.

4. To the extent that Plaintiff seeks to base claims on events occurring during her initial employment with Pactiv such claims are time-barred.

5.       Plaintiff cannot recover punitive damages because Pactiv made good faith efforts to comply with Title VII of the Civil Rights Act.

**DATED: May 8, 2008**                                Respectfully submitted,

PACTIV CORPORATION


By: ____s/ Erin Dougherty Foley_____
                  One of Its Attorneys

Thomas J. Piskorski
Erin Dougherty Foley
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000 (phone)
(312) 460-7000 (facsimile)
tpiskorski@seyfarth.com
edfoley@seyfarth.com

**CERTIFICATE OF SERVICE**

I, Erin Dougherty Foley, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **ANSWER AND DEFENSES/AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** to be served upon the following,

> Michael T. Smith
> Michael T. Smith & Associates
> 440 West Irving Park
> Roselle, IL 60172
> (847)895-0626
> Email: msmith39950@aol.com

by ECF filing on this 8th day of May, 2008, and upon:

> The Honorable Milton I. Shadur
> United States District Court
> Northern District Eastern Division
> Chambers Number 2388
> Chicago, Illinois 60603

by via hand delivery on this 8th day of May, 2008.

                                            s/ Erin Dougherty Foley